IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| U.S. CITIZEN GEORGE DASHIELL,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF IDAHO,<br><br>        Defendant. | Case No. CV-06-442-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant State of Idaho's motion to dismiss Plaintiff George Dashiell's entire complaint. Because the Court has determined that oral argument would not be beneficial in this case, the Court will decide the issue based on the parties' written submissions. For the reasons expressed below, the Court will grant Defendant's motion to dismiss on all claims.

## BACKGROUND

Plaintiff Dashiell was sued by a private party in Idaho state court. In December of 2006 he was ordered to pay a judgment exceeding $22,000 to the plaintiff in that case, Portfolio Recovery Associates, LLC. Plaintiff argues that the order violates the Thirteenth Amendment of the United States Constitution, because it requires him to submit to involuntary servitude. He refers to no other

law to support his claim. The only defendant in this case is the State of Idaho.

## STANDARD OF REVIEW

Defendant seeks dismissal of Plaintiff's entire complaint. A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party. *Id*. (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

The federal courts view Rule 12(b)(6) motions with disfavor. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A court should dismiss a case without leave to amend only in "extraordinary" cases. *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981).

## ANALYSIS

**A.   JURISDICTION**

Whether federal subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th

Cir. 1994). A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512, U.S. 997, 1005-06 (1994)). The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Mann*, 415 F.3d at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). Here, whether the judgment against Plaintiff constitutes

involuntary servitude under the Thirteenth Amendment would "in substance" require review of the state court judgement.

The *Rooker-Feldman* doctrine "will give way where Congress otherwise grants federal courts the authority to review state court judgments." *Id*. at 1047. Here, Plaintiff asserts that the state court's order imposed involuntary servitude upon him. In order to overcome *Rooker-Feldman*, Plaintiff must point to a federal statute showing that Congress has "permit[ted] federal courts to review state court judgments." *Id*. at 1043. Plaintiff's citation to 28 U.S.C. § 1331, the general "federal question" jurisdictional statute is not enough to overcome *Rooker-Feldman*. In *Mann*, the court determined that the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901, *et seq*., together with 28 U.S.C. § 1331, constituted Congressional authorization for a federal district court to hear a case challenging a state court termination of parental rights and adoption of an Indian child. The *Mann* court "conclude[d] that § 1914 provides the federal courts authority to invalidate a state court foster care placement or termination of parental rights if it is in violation of § 1911, 1912, or 1913." *Id*. at 1047. In contrast, Plaintiff has pointed to no particular statute like the ICWA authorizing his cause of action. For this reason, the Court concludes that his Complaint is subject to dismissal.

B.  **THIRTEENTH AMENDMENT CLAIM**

The Court assumes that Plaintiff is bringing his claim under 42 U.S.C. § 1983, the civil rights statute, because there is no legal authority providing that there is a private cause of action arising directly from the Thirteenth Amendment without relying on an implementing statute, such as the civil rights statute.  *See Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir. 1980) (noting that, to date, the United States Supreme Court has found an implied cause of action for damages under the Fourth and Fifth Amendments, but has declined to decide whether a Fourteenth Amendment claim exists).  Title 42 U.S.C. § 1994 was the intended implementing statute for the Thirteenth Amendment, which abolished slavery in this country.  It is clear that Plaintiff has not stated a cause of action under § 1994 by analogizing a state court judgment against him to slavery.  *See Lonsdale v. Egger*, 525 F.Supp. 610, 612 (D. Tex. 1981).

C.  **ELEVENTH AMENDMENT IMMUNITY**

Regardless of the legal theory under which Plaintiff brings his cause of action, the Court agrees that Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign

State." U.S. Const. amend. XI.  Although the language suggests otherwise, the Eleventh Amendment "has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states."  *Brooks v. Sulphur Springs Valley, Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991).  The Eleventh Amendment bars suits where the state itself is named as the defendant. *Puerto Rico Acqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).   The Eleventh Amendment bars suit regardless of nature of the relief sought.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Because the Plaintiff is suing only the State of Idaho, the Eleventh Amendment is clearly applicable.

There are three exceptions to Eleventh Amendment immunity. First, the Eleventh Amendment does not bar suit against a government official for prospective injunctive relief only.  *Ex parte Young*, 209 U.S. 123, 155-56 (1908). Second, the Eleventh Amendment does not bar suit when a statute clearly allows suits to be brought against states in federal court.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242-43 (1985).  Third, the Eleventh Amendment does not bar suit when the state unequivocally consents to be sued in federal court.  *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305-06 (1990).

No exception applies here.  First, Plaintiff has not alleged a claim against any government official such that *Ex parte Young* would apply, and even if he

amended his Complaint to do so, the claim would be barred by the *Rooker-Feldman* doctrine.  Second, the Thirteenth Amendment itself does not explicitly allow suits to be brought against a state in federal court, and Plaintiff has pointed to no legislation subsequently enacted to permit this suit.  Third, Plaintiff has not indicated that the State has waived immunity in this instance, and Defendant has specifically denied such a waiver.  Consequently, Plaintiff's case must be dismissed for failure to state a claim upon which relief can be granted.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 5) is GRANTED.  Plaintiff's case is dismissed with prejudice.

DATED: **August 2, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court